### In re TURNER.
### No. 68642.

United States District Court
N. D. Ohio, E. D.
Jan. 30, 1953.

Joseph O'Leary, Akron, Ohio, Receiver.

Richard J. Romweber and Joseph O'Leary, Akron, Ohio, for petitioning creditors.

Frank P. Kaufmann, Akron, Ohio, for bankrupt.

JONES, Chief Judge.

The Receiver appointed by the Referee seeks a review of the Referee's order entered October 2, 1952. The transcript of

the testimony, the Referee's certificate of review and the briefs of the Receiver and Bankrupt have been fully considered. It will be sufficient to set down what the Court concludes respecting the matters presented by the Receiver's petition.

This proceeding was terminated when two of the three petitioning creditors petitioned to dismiss or withdraw their claims from the involuntary petition, but only after notice by the Referee to all creditors and a hearing held thereon at which one of the attorneys representing the remaining creditor was present.

I know of no authority that denies or curtails the Referee's power of dismissal of an involuntary petition in bankruptcy, prior to adjudication, after due notice and hearing on the questions.

The Referee found that the remaining creditor and another alleged creditor (who sought to join in the petition in place of one of those dismissed), both held unliquidated claims and therefore were not qualified to maintain an involuntary petition.

Examination of the transcript and the record of the proceedings does not support a claim that the Referee's findings in that respect were clearly wrong.

The Referee further found that the Act of Bankruptcy relied upon by the petitioning creditors ceased to be an Act of Bankruptcy when the property involved was discharged and released. I see nothing to be gained by forcing people into bankruptcy involuntarily when creditors, as such, have demonstrated no firm or consolidated effort to insist upon it. They had ample opportunity upon notice of the hearing on application to dismiss the petition.

I suppose a Receiver in bankruptcy might be an aggrieved party and seek a review of a Referee's order, but it is a novelty to find a Receiver appointed by the Referee prior to adjudication petitioning individually to review the Referee's order and undertaking to force bankruptcy where the creditors seem to have retained no interest in doing so.

However that may be, we have given consideration to the numerous grounds of error urged and are unable to find and conclude that the Referee's action or order are subject to reversal on either fact or law. As indicated above, the transcript of testimony and all of the papers presented in this review have been considered and the Court does not find anything in the record to support erroneous findings and conclusions of the Referee.

Petition to review will be dismissed.